## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 4:07CR237 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | **AMENDED** |
| | ) | **OPINION AND ORDER** |
| RAMEON J. ALFORD | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Rameon J. Alford's ("Defendant") Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 24.) The United States of America ("the Government") responded in opposition to Defendant's motion. (Doc. No. 25.) For the reasons set forth below, Defendant's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant moves this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 706 to § 2D1.1 of the U.S. Sentencing Guidelines Manual, and the U.S. Sentencing Commission's decision to retroactively apply Amendment 706 to certain offense levels for the illegal possession of crack cocaine. The Government responds that Defendant's sentence should not be reduced since Amendment 706 does not apply to his sentence, which was based on a statutory mandatory minimum that remains unaffected by Amendment 706.

On January 28, 2007, Defendant was arrested in connection with a suspected shooting and was in possession of approximately 26 grams of crack cocaine, a 9 millimeter semi-

automatic pistol, and a 9 millimeter casing. Defendant pled guilty to a two-count indictment in which he was charged in Count 1 with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and charged in Count 2 with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Both Counts 1 and 2 involved the same transaction, and, therefore, the counts were grouped for purposes of determining the advisory guideline sentence. U.S.S.G. § 3D1.2(a) (2010).

There is no dispute that, based upon initial advisory guideline calculations, Defendant had a Criminal History Category IV and a total offense level 24, which, preliminarily, resulted in an advisory guideline range of 77 to 96 months. However, this analysis is incomplete, as Count 2 was subject to a statutory mandatory minimum sentence of 120 months up to life imprisonment. Since the statutory minimum sentence of 120 months was greater than the maximum guideline sentence of 96 months, the statutory mandatory minimum sentence of 120 months became the guideline sentence. U.S.S.G. § 5G1.1(b); *United States v. Johnson*, 564 F.3d 538, 423 (6th Cir. 2009). Additionally, the Government moved for, and the Court granted, a 1-level departure to the guideline sentence for substantial assistance pursuant to U.S.S.G. § 5K1.1, thus allowing the Court to sentence Defendant below the statutory mandatory minimum sentence.

Defendant was sentenced to a term of imprisonment of 84 months for Count 1 and 92 months for Count 2, to be served concurrently.

## II. LAW AND ANALYSIS

### A. Statutory Background

Defendant asks this Court to reduce his sentence for Count 2 from 92 months to 63 months based on 18 U.S.C. § 3582(c)(2) and Amendment 706 to U.S.S.G. § 2D1.1(c)(7),

which lowered the offense level for illegal possession of crack cocaine by two levels.[1]

A district court may resentence a defendant only as expressly provided by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Congress allows a district court to modify a term of imprisonment under 18 U.S.C. § 3582(c) in a case where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582(c) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

While Defendant was in prison, the Sentencing Commission adopted Amendment 706 to the Drug Quantity Table in U.S.S.G. § 2D1.1, which reduced the base offense level for most crack cocaine offenses. The amendment went into effect on November 1, 2007. The Commission then added Amendment 706 to the list of amendments in U.S.S.G. § 1B1.10(c) that have retroactive effect. U.S.S.G. § 1B1.10 was thereafter revised on December 11, 2007 to reiterate the limits on relief available under 18 U.S.C. § 3582(c). Specifically, Application Note 1(A) states that a reduction under § 3582(c)(2) is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1 (2010).

This Court must determine whether Defendant's sentence was based on a sentencing range that has subsequently been modified by Amendment 706 and whether the proposed reduction is consistent with the Commission's guidelines and policy statements.

---

[1] As the Government properly points out, even if the Court were permitted to reduce Defendant's sentence as to Count 2, Defendant would still be subject to a concurrent sentence of 84 months for Count 1, which would not be eligible for a sentence reduction under § 3582(c)(2).

3

**B. The Court is not authorized to modify Defendant's sentence because his sentence was based on a statutory mandatory minimum, not a subsequently amended guideline range.**

Defendant claims that his sentence was based on U.S.S.G. § 2D1.1(c)(7) and not the statutory mandatory minimum set out in 21 U.S.C. § 841(b)(1)(B). Although Defendant concedes that he was subject to a mandatory minimum sentence, he claims that the original sentence was derived from the Drug Quantity Table in U.S.S.G. § 2D1.1 and that § 2D1.1 is what the sentence was "based on" for purposes of 18 U.S.C. § 3582(c)(2). Defendant argues that both the United States Probation Office and this Court looked to § 2D1.1 to begin their calculation. Additionally, Defendant states that the final sentence of 92 months was "based on" § 2D1.1 since, Defendant is assuming, the Court took the base offense level set forth in § 2D1.1 into account when deciding the amount of reduction for substantial assistance. Since the Sentencing Commission retroactively amended § 2D1.1 through Amendment 706 to lower the base offense level for most crack cocaine offenses, Defendant claims that the Court has jurisdiction pursuant to § 3582(c)(2) to reduce his sentence.

The Government opposes the motion for sentence reduction, arguing that a retroactively applied amendment to the Guidelines cannot change any statutory mandatory minimum set forth by Congress. Accordingly, the Government argues, Amendment 706 is irrelevant with respect to Defendant since his sentence was based on the mandatory minimum under 21 U.S.C. § 841(b)(1)(B) and, therefore, this Court lacks jurisdiction to modify Defendant's sentence.

Once the statutory mandatory minimum sentence becomes the guideline sentence, as it did here based upon § 5G1.1(b), the statutory minimum is the departure point from which the sentence is then based. *Johnson*, 564 F.3d at 423 (quoting *United States v. Stewart*, 306 F.2d 295, 332 (6th Cir. 2002) where the court held that "the appropriate starting point for calculating a

4

downward departure under § 3553(e) is the mandatory minimum sentence itself.") Here, the statutory mandatory minimum term of imprisonment of 120 months became the guideline sentence since it was greater than the maximum guideline sentence of 96 months.

Indeed, in *United States v. Green*, 532 F.3d 538 (6th Cir. 2008), the Sixth Circuit noted that a retroactive amendment to the Guidelines "cannot override any mandatory statutory minimum sentence set forth by Congress." *Id.* at 546 n.8. Therefore, the statutory minimum of 120 months remains unchanged by any subsequent amendments to the Sentencing Guidelines, including Amendment 706. The sentencing range that Defendant's term of imprisonment was based upon, § 841(b)(1)(B), was not amended and thus Defendant does not qualify for a sentence modification. Also, as the court noted in *Johnson*, 564 F. 3d at 423-24, Defendant's resentencing calculation today would also begin at the statutory mandatory minimum, since Count 2 is still subject to § 841(b)(1)(B), and thus the 120 month guideline would be the same before and after Amendment 706.

Further, Application Note 1(A) to § 1B1.10 clarifies that a sentence reduction under § 3582(c)(2) is expressly prohibited when the amendment does not reduce the defendant's guideline range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1 (2010). Defendant concedes, as he must, that there is a statutory mandatory minimum sentence applicable in his case and, based upon the Sentencing Commission's explanation in § 1B1.10, that statutory minimum makes Defendant ineligible for a sentence reduction under § 3582(c)(2).

Therefore, since Defendant was originally sentenced based on a statutory mandatory minimum which has not been amended, this Court lacks jurisdiction under § 3582(c)(2) to modify his sentence.

Defendant also claims that the Court is no longer required to modify sentences consistent with the Sentencing Commission's guidelines and policy statements in § 3582(c) proceedings, since *United States v. Booker*, 543 U.S. 220 (2005), made the Sentencing Guidelines advisory, not mandatory. Defendant argues by analogy that, since the Advisory Committee removed language from Rule 35(b) that required conformity with the Commission's guidelines and policy statements, this Court should extend the same expanded sentencing discretion to motions under § 3582(c)(2) to maintain consistency in resentencing hearings. In conjunction with this argument, Defendant relies upon the Sixth Circuit's decision in *United States v. Grant*, 567 F.3d 776 (6th Cir. 2009), wherein the court held that a district court cannot forgo consideration of factors beyond substantial assistance when considering a Rule 35(b) motion. Thus, Defendant claims that the decisions in *Booker* and *Grant* give a district court expanded discretion to consider all § 3553(a) factors when considering a request for a sentence reduction.

Defendant's claims lack merit. The Supreme Court recently held in *Dillon v. United States*, 130 S. Ct. 2683 (2010), that requiring courts to honor the Commission's guidelines and policy statements in § 3582(c)(2) proceedings does not violate the Sixth Amendment. Thus, *Booker* does not apply to sentence modification cases pursuant to § 3582(c)(2), and courts are not required to treat § 1B1.10 as advisory. *Id.* In any event, as noted, *Grant* concerned a motion under Rule 35(b) and, therefore, the case is inapposite to the Court's analysis of the issue herein. Finally, Defendant's argument that the Court should evaluate all sentencing factors in adjudicating a § 3582(c)(2) motion is flawed since the Court already evaluated the § 3553(a) factors during the original sentencing and to consider the factors again would inappropriately give Defendant a double benefit. *Johnson*, 564 F.3d at 423.

For the reasons stated above, this Court lacks jurisdiction to consider reducing Defendant's sentence and, therefore, the Court **DENIES** Defendant's motion for sentence reduction.

**IT IS SO ORDERED**.

Dated: July 29, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**