UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:07CR237 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| RAMEON J. ALFORD, | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is Defendant Rameon J. Alford's ("Defendant")'s Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Amendment 750 to U.S.S.G. §2D1.1 of the U.S. Sentencing Guidelines Manual, and the U.S. Sentencing Commission's decision to retroactively apply Amendment 750 to certain offense levels for the illegal possession of crack cocaine. (Doc. No. 35.) The United States of America ("the Government") responded in opposition to Defendant's motion. (Doc. No. 38.) For the reasons set forth below, Defendant's motion is **DENIED**.

## I. BACKGROUND

On July 19, 2007, Defendant pled guilty to a two-count indictment in which he was charged in Count 1 with felon in possession of a firearm, in violation of 18 U.S.C.§ 922(g)(1), and charged in Count 2 with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Both Counts 1 and 2 involved the same transaction, so the counts were grouped for purposes of determining the advisory guideline sentence. U.S.S.G. §3D1.2(a) (2010).

There is no dispute that based upon initial advisory guideline calculations, Defendant had a Criminal History Category IV and a total offense level 24 which, preliminarily,

resulted in an advisory guideline range of 77 to 96 months. However, this analysis is incomplete, as Count 2 was subject to a statutory mandatory minimum sentence of 120 months up to life imprisonment. Since the statutory minimum sentence of 120 months was greater than the maximum guideline sentence of 96 months, the statutory mandatory minimum sentence of 120 months became the guideline sentence. U.S.S.G. §5G1.1(b); *United States v. Johnson*, 564 F.3d 538, 423 (6th Cir. 2009). Additionally, the Government moved for, and the Court granted, a 1-level departure to the guideline sentence for substantial assistance pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. §5K1.1, thus allowing the Court to sentence Defendant below the statutory mandatory minimum sentence. Defendant was sentenced to a term of imprisonment of 84 months for Count 1 and 92 months for Count 2, to be served concurrently.

Defendant previously moved this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 706 to §2D1.1 of the U.S. Sentencing Guidelines Manual. (Doc. No. 24.) The Court denied the motion finding that Defendant's sentence should not be reduced since Amendment 706 did not apply to his sentence, which was based on a statutory mandatory minimum that remained unaffected by Amendment 706. (Doc. No. 28.) Defendant subsequently appealed the Court's denial of his § 3582(c)(2) motion, and the Sixth Circuit affirmed this Court's judgment. (Doc. No. 31.)

Defendant's present motion seeks the retroactive application of Amendment 750 pursuant to § 3582(c)(2), arguing that new language in U.S.S.G. §1B1.10 clarifies that defendants who received cooperation-based departures at the original sentencing, such as this defendant, are eligible for sentence reductions, notwithstanding the mandatory minimum. Defendant asks this Court to reduce his sentence on Count 2 to 63 months, but as his conviction

2

in Count 1 is unaffected by Amendment 750, he requests that his sentence be reduced to 84 months, the sentence for his conviction on Count 1. The Government responds that Defendant's sentence should not be reduced since Amendment 750 did not lower the mandatory minimum guideline range applicable in this case and the filing of a substantial assistance motion does nothing to change this calculation.

## II. LAW AND ANALYSIS

### A. Statutory Background

A district court may resentence a defendant only as expressly provided by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Congress allows a district court to modify a term of imprisonment under § 3582(c) when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582(c) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

On June 30, 2011, the Sentencing Commission adopted Amendment 750 to the Drug Quantity Table in U.S.S.G. §2D1.1, which altered the offense levels applicable to crack cocaine offenses. U.S.S.G §1B1.10 was subsequently revised on November 1, 2011. Application Note 1(A) states that a reduction under § 3582(c)(2) is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., *a statutory mandatory minimum term of imprisonment*)." U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis added). The Commission then added Amendment 750 to the list of amendments in U.S.S.G. §1B1.10(c) that will be applied retroactively, effective as of November 1, 2011.

This Court must determine whether Defendant's sentence was based on a sentencing range that has subsequently been modified by Amendment 750 and whether the proposed reduction is consistent with the Commission's guidelines and policy statements.

**B. Amendment 750 Does Not Lower Defendant's Guideline Range Because Defendant's Sentence Was Not "Based On" the Crack Guidelines**

As a matter of law, Amendment 750 has no effect on the statutory mandatory minimum applicable to Defendant. At sentencing, it is undisputed that Defendant faced a statutory mandatory minimum sentence of 120 months. The sentencing commission has no authority to alter statutory mandatory minimum penalties. *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010).[1] "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum shall be the guideline range." U.S.S.G. § 5G1.1(b). Further, §§ 3582(c)(2) and 1B1.10 do not permit a defendant seeking relief pursuant to a retroactive amendment to be placed in a better position than he would have been in had the crack amendment been in place at the time of the original sentencing. *United States v. Johnson*, 564 F.3d 419, 423-24 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009).

Here, even if Amendment 750 had been in effect at the time of Defendant's sentencing, the starting point for Defendant's sentence would still have been the statutory

---

[1] The Court recognizes that the Fair Sentencing Act of 2010 ("FSA") lowered the statutory mandatory minimum penalty for various crack cocaine offenses. That reduction, however, only applies to defendants sentenced on or after August 3, 2010, the date of enactment. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *Dorsey v. United States*, 132 S. Ct. 2321 (2012). Courts addressing Amendment 750 to the Sentencing Guidelines uniformly agree that the mandatory minimum provisions remain applicable to defendants, such as Alford, who were originally sentenced *before* August 3, 2010, such that the new mandatory minimum provisions of the FSA are inapplicable when determining a defendant's eligibility for a sentencing reduction under § 3582(c)(2). *See e.g., United States v. Ortiz-Vega*, 847 F. Supp. 2d 706 (E.D. Pa. 2012) (denying reduction under Amendment 750 where defendant was sentenced to mandatory minimum).

mandatory minimum, which remains greater than the maximum amended guideline range. *See e.g., United States v. McPherson*, 629 F.3d 609, 610 (6th Cir. 2011) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *United States v. Green*, 532 F.3d 538, 546 n. 8 (6th Cir. 2008) (retroactive amendment "cannot override any mandatory statutory minimum sentences set forth by Congress"). Following the substantial assistance departure, the Court was permitted to depart below both the mandatory minimum and the guidelines range. As the Sixth Circuit held in *United States v. Hameed*, 614 F.3d 259, 268 (6th Cir. 2010), however, departures are appropriately measured from the statutory mandatory minimum. [2] The new amendment does not affect this calculus. *See* U.S.S.G. §1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").[3] Although the base offense level as calculated by §2D1.1 has been altered, the mandatory minimum has not been altered by any retroactive amendment. Accordingly, this Court

---

[2] Indeed, the Court expressly noted this principle at sentencing, stating as follows:

> As we have discussed extensively today, setting aside the government's motion for a Section 5K1.1, reduction for substantial assistance, *the guideline range in this case is, in fact, 120 months, because of the statutory mandatory minimum*. It is only with consideration of the Section 5K1.1 that the court can even consider the level 24, Criminal History IV, range of 77 to 96 as the proper computation. . . . [H]ad the government not made the 5K1.1 motion, the statutory mandatory minimum would be required.

(Sentencing Tr., Doc. No. 23 at 78) (emphasis added).

[3] Application Note 3 to §1B1.10 is inapposite here, as that commentary applies to defendants granted substantial assistance departures who were *not* subject to mandatory minimum terms of imprisonment. *See e.g., United States v. Cannon*, Nos. 07-174-03, 07-181-01, 2011 WL 6258483, at *9 (E.D. Pa. Dec. 14, 2011). Here, however, it is undisputed that Defendant was subject to a mandatory minimum sentence and not an "amended guideline range."

lacks jurisdiction under § 3582(c)(2) to modify Defendant's sentence, and his motion is **DENIED**.[4]

        **IT IS SO ORDERED**.

Dated: February 14, 2013

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[4] Defendant's reliance on *Freeman v. United States*, 131 S. Ct. 2685 (2011) to the contrary, is misplaced. Unlike in *Freeman*, Defendant here did not enter into a binding Rule 11(c)(1)(C) plea agreement with the Government. Indeed, Defendant entered a plea of guilty without any plea agreement. Even if the parties did discuss the guidelines in reaching during plea negotiations, this "does not empower the court under § 3582(c)(2) to reduce the term of imprisonment that is ultimately agreed upon." *Freeman*, 131 S. Ct. at 2697. Specifically, Justice Sotomayor recognized that the guidelines are the starting point for plea negotiations, for "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject. The term of imprisonment imposed by the district court, however, is not 'based on' those background negotiations." *Id*. (citing United States v. Booker, 543 U.S. 220, 255 (2005)).